

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

August 4, 1992

Mr. Ron Jackson
Compact Administrator
Interstate Compact on Juveniles
Texas Youth Commission
P. O. Box 4260
Austin, Texas 78765

Opinion No. DM-147

Re: Whether the Uniform Compact on Juveniles by Texas authorizes and requires Texas juvenile probation officers to supervise delinquent juveniles as defined by the compact who would not be defined as juvenile delinquents under chapter 51 of the Texas Family Code (RQ-106)

Dear Mr. Jackson:

You have requested an opinion from this office concerning the effect of the Uniform Interstate Compact on Juveniles ("the ICJ" or "the compact") on the authority and duty of Texas juvenile probation officers to supervise individuals from other states who could not have been adjudicated as juveniles under Texas law. We conclude that the adoption of the ICJ by Texas both authorizes and requires these officers to supervise such individuals if they are within the ICJ definition of "delinquent juvenile," and otherwise meet the conditions of article VII of the compact.

As you inform us, "[t]he purpose of [the ICJ] is to establish uniform procedures for returning juvenile runaways and absconders to their homes and to provide appropriate supervision for juvenile delinquents on probation or parole who reside outside the state where they were adjudicated." *See also* Dawson, *Uniform Interstate Compact on Juveniles*, 21 TEX. TECH L. REV. 1167 (1990).[1] All fifty states

---

[1]The Interstate Compact on Juveniles deals with four distinct interstate proceedings: (1) the out-of-state placement of children on juvenile probation or parole; (2) the return of juveniles who have absconded from probation, parole, or an institution to another state; (3) the return from another state

and the District of Columbia have now adopted the ICJ. Texas adopted the compact in 1965 and, together with supplementary enactments, codified it as chapter 25 of the Texas Family Code. *See* Acts 1965, 59th Leg., ch. 324, § 1, at 676.

Your question concerns article VII of the ICJ, "Cooperative Supervision of Probationers and Parolees." Fam. Code § 25.02. In that article compact signatories agree in part to the following:

> (a) That the duly constituted judicial and administrative authorities of a state party to this compact (herein called "the sending state") may permit any delinquent juvenile within such state, placed on probation or parole, to reside in any other state party to this compact (herein called "receiving state") while on probation or parole, and the receiving state shall accept such delinquent juvenile, if the parent, guardian, or person entitled to the legal custody of such delinquent juvenile is residing or undertakes to reside within the receiving state.... A receiving state, in its discretion, may agree to accept supervision of a probationer or parolee in cases where the parent, guardian, or person entitled to the legal custody of the delinquent juvenile is not a resident of the receiving state, and if so accepted the sending state may transfer supervision accordingly.
>
> (b) That each receiving state will assume the duties of visitation and of supervision over any such delinquent juvenile and in the exercise of those duties *will be governed by the same standards of visitation and supervision that prevail for its own delinquent juveniles released on probation or parole.*

Fam. Code § 25.02(a), art. VII(b) (emphasis added).

Accordingly, in your capacity as administrator of the compact in Texas,[2] you refer out-of-state "delinquent juveniles" under the ICJ to county probation

---

(footnote continued)
of a juvenile to the state where an act of delinquency is believed to have occurred; and (4) the return of a runaway from another state to the state of residency." 21 TEX. TECH L. REV. 1657 (1990).

[2]Family Code section 25.02, article XII provides that "the governor of each state party to this compact shall designate an officer who, acting jointly with like officers of other party states, shall promulgate rules and regulations to carry out more effectively the terms and provisions of this

departments for supervision under this provision. *See* 37 T.A.C. § 85.43; Texas Youth Commission, 16 Tex. Reg. 4476 (1991). At least one probation department has declined to accept supervision of individuals who would not be considered delinquent juveniles under title 3 of the Texas Family Code, chapters 51 *et seq.*, relating to delinquent children, either because of their age or the offense committed. That probation department contends that its statutory authority is limited to cases within juvenile jurisdiction as defined in Family Code chapter 51.

Chapter 142.001 of the Human Resources Code defines "juvenile probation services" to mean the following:

(1) services provided by or under the direction of a juvenile probation officer *in response to an order issued by a juvenile court and under the court's direction,* including:

(A) protective services;

(B) prevention of delinquent conduct and conduct indicating a need for supervision;

(C) diversion;

(D) informal adjustment;

(E) foster care;

(F) counseling;

(G) supervision; and

(H) diagnostic, correctional, and educational services; and

(2) services provided by a juvenile probation department that is related to the operation of a juvenile detention facility.

Hum. Res. Code § 142.001 (emphasis added). Under Family Code section 51.04(a), the juvenile court has exclusive original jurisdiction over

proceedings in all cases involving the delinquent conduct [of a child] or conduct indicating a need for supervision engaged in by

---

(footnote continued)

compact." In Texas, the governor has appointed the executive director of the Texas Youth Commission to be the ICJ administrator.

a person who was a child within the meaning of this title at the time he engaged in the conduct.

Section 51.02(1) defines "child" as a person

(A) ten years of age or older and under 17 years of age; or

(B) seventeen years of age or older and under 18 years of age who is alleged or found to have engaged in delinquent conduct or conduct indicating a need for supervision as a result of acts committed before becoming 17 years of age.

"Delinquent conduct" is defined as conduct, other than a traffic offense, that violates

(1) a penal law of this state punishable by imprisonment or by confinement in jail; or

(2) a reasonable and lawful order of a juvenile court entered under Section 54.04 or 54.05 of this code, including an order prohibiting conduct referred to in Subsection (b)(4) of this section.[3]

Fam. Code § 51.03(a). Section 54.04(d)(1) authorizes a juvenile court to place a child found to have engaged in delinquent conduct on probation upon making the appropriate findings.[4] Apparently, the probation department contends that since probation services are those provided by order of a juvenile court, i.e., a court with juvenile jurisdiction, they may be provided only to those within Texas juvenile court jurisdiction, as delineated in chapter 51 of the Family Code. The corollary of this argument is that probation officers may accept supervision under the ICJ only of out-of-state probationers or parolees who could have been subject to juvenile court jurisdiction in Texas. We believe that this argument overlooks both the nature of supervision under article VII of the ICJ and the obligations imposed by the compact.

---

[3] Section 51.03(b)(4) of the Family Code concerns conduct in violation of laws prohibiting driving while under the influence of alcohol or drugs.

[4] The juvenile court must find "that the child is in need of rehabilitation or that the protection of the public or the child requires that disposition be made" before it may make a disposition. Fam. Code § 54.04(c).

The juvenile jurisdictional limits of a receiving state are irrelevant to its responsibilities under article VII of the ICJ. By adopting article VII, states agree to a transfer of the duties of supervision and visitation of juvenile probationers and parolees from the authorities of the sending state to those of the receiving state, *but not to a transfer of jurisdiction*. Although laws and regulations of the receiving state determine the day-to-day operational matters of the probation or parole, the sending state sets the terms of probation or parole, and these are binding upon the authorities of the receiving state. 21 TEX. TECH L. REV. 1671. The receiving state merely acts as the sending state's agent in carrying out the terms of the foreign adjudication. Article VII thus "authorizes only *courtesy* supervision by the receiving state of probation or parole that is structured and enforced by the sending state." *Id.* (emphasis added).

In short, jurisdiction of a case always remains with the foreign court that adjudicated the youth a delinquent. This point is evident in the definition of "delinquent juvenile" as a juvenile "adjudged delinquent" and "still subject to the jurisdiction *of the court that has made such adjudication*." Fam. Code § 25.02, art. III (emphasis added).[5] If juvenile probation departments could accept supervision only of cases referred through title 3 of the Family Code, one could argue that they could not accept any cases under the ICJ, for none of those cases are adjudicated through the Texas juvenile system. Clearly, such a result would not reflect the intention of the Texas Legislature in enacting the compact as chapter 25 of the Family Code.

Instead, we believe that the responsiblities of probation officers to "delinquent juveniles" referred through the ICJ are clearly established in Family Code sections 25.02 and 25.08. The latter provision states the responsibility of the member state to carry out compact provisions:

---

[5]Article III of the ICJ defines the crucial term "delinquent juvenile" for purposes of the compact as

> "any juvenile who has been adjudged delinquent and who, at the time the provisions of this compact are invoked, is still subject to the jurisdiction of the court that has made such adjudication or to the jurisdiction or supervision of an agency or institution pursuant to an order of such court."

Fam. Code § 25.03, art. III.

> The courts, departments, agencies, and officers of this state
> and its subdivisions *shall enforce this compact and shall do all
> things appropriate to effectuate its purposes and intent* which are
> within their respective jurisdictions.

Fam. Code § 25.08 (emphasis added). The jurisdiction of juvenile probation departments is the provision of juvenile services pursuant to the orders and direction of a juvenile court. In the context of the ICJ, the juvenile court issuing the order for and directing probation services for an individual is the court having jurisdiction over the "delinquent juvenile" as defined by the compact, *i.e.* the adjudicating court of the sending state. The ICJ thus establishes an avenue for the rendition of juvenile probation services by juvenile probation departments distinct from that delineated in title 3 of the Family Code. *See* Fam. Code § 25.02, art. XIII (once ICJ is executed by a state "it shall have the full force and effect of law within such state").

As discussed above, article VII not only determines when a state *must* accept supervision under the ICJ, but also provides for a state's voluntary acceptance of supervision in other cases. In the latter cases, the "state", and not the individual probation department, decides whether or not to accept supervision. We conclude that juvenile probation departments must extend their services to any case referred to them through the ICJ. We emphasize that once the state accepts supervision, even where such acceptance would not be mandatory under the ICJ, Family Code sections 25.02 and 25.08 require juvenile probation officers to provide services under the compact.

## S U M M A R Y

By adopting the Uniform Interstate Compact on Juveniles (the ICJ) as Family Code chapter 25, the legislature authorized juvenile probation departments to extend their services to any case properly referred to them through the ICJ, regardless of the age of the individual so referred or the nature of the adjudicating offense. Once the state accepts supervision of an

out-of-state delinquent juvenile under article VII of the ICJ, Family Code section 25.08 requires juvenile probation officers to provide the mandated services.

Very truly yours,

**DAN MORALES**
Attorney General of Texas

**WILL PRYOR**
First Assistant Attorney General

**MARY KELLER**
Deputy Assistant Attorney General

**RENEA HICKS**
Special Assistant Attorney General

**MADELEINE B. JOHNSON**
Chair, Opinion Committee

Prepared by Faith S. Steinberg
Assistant Attorney General